IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00211-PAB

DISH NETWORK, LLC, f/k/a Echostar Satellite, LLC,

    Plaintiff,

v.

CYBERWORKS SOFTWARE, INC.,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on Plaintiff's Response to Show Cause, and Alternative Motion for Default Judgment [Docket No. 9]. Plaintiff requests that the Court enter a judgment of default against defendant Cyberworks Software, Inc.

    On February 1, 2010, plaintiff filed this action against defendant to confirm an arbitration award. Plaintiff served defendant on May 25, 2010 [Docket No. 4] and, after that date, defendant failed to file an answer or any other motion. On April 14, 2011, the Court ordered plaintiff to show cause why this action should not be dismissed for failure to prosecute [Docket No. 8]. In response to the Order to Show Cause, plaintiff states that, after defendant failed to answer, plead, or otherwise defend this action, plaintiff remained optimistic that: "(1) Cyberworks, by and through counsel, would ultimately appear in this matter, (2) the Court would grant, *sua sponte*, the *Application to Confirm Arbitration Award*; or (3) the Clerk would enter a default against Cyberworks pursuant to Federal Rule of Civil Procedure 55(a)." Docket No. 9 at 4. Additionally, plaintiff

requests that the "Court not dismiss this action, but grant the *Application to Confirm Arbitration Award*, or in the alternative, enter a default judgment in favor of DISH." *Id*.

The Court finds that plaintiff has failed to comply with the two-step process described in Rule 55 of the Federal Rules of Civil Procedure in order to obtain default judgment. Pursuant to Rule 55, a party must: first, seek an entry of default from the Clerk of the Court under Rule 55(a); and second, after default has been entered by the Clerk, seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008). Failure to successfully complete the first step of obtaining an entry of default necessarily precludes the granting of default judgment at step two. *See Williams*, 1995 WL 365988 at *1; *Nasious*, 2008 WL 659667, at *1. This process serves to ensure that a defendant in default has a chance to seek relief from the entry of default or otherwise attempt to participate in the litigation. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444-45 (10th Cir. 1983) (noting that a threat of a judgment by default ensures a workable system of justice as it holds parties and their attorneys accountable for observing the courts' rules of procedure).

Here, plaintiff admits that it did not seek an entry of default from the Clerk of the Court. Therefore, plaintiff's request for a default judgment "must be denied as premature" for failure to comply with Rule 55(a). *AAA National Maintenance v. City and*

*County of Denver*, No. 09-cv-00007-REB-MEH, 2009 WL 1799127, at *1 (D. Colo. June 23, 2009).

Accordingly, it is

**ORDERED** that Plaintiff's Response to Show Cause, and Alternative Motion for Default Judgment [Docket No. 9] is **DENIED**.

DATED February 13, 2012.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge