IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00211-PAB

DISH NETWORK, LLC, f/k/a Echostar Satellite, LLC,

    Plaintiff,

v.

CYBERWORKS SOFTWARE, INC.,

    Defendant.

---

## ORDER

---

This matter is before the Court on the Motion for Default Judgment [Docket No. 15] filed by plaintiff Dish Network, LLC. Plaintiff requests that the Court enter judgment by default against defendant Cyberworks Software, Inc. ("Cyberworks").

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). In this case, the Clerk of the Court entered default against Cyberworks on February 17, 2012 [Docket No. 14]. Plaintiff now seeks entry of judgment by default pursuant to Rule 55(b).

The decision to enter default judgment is "'committed to the district court's sound discretion.'" *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation

omitted). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation marks and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id*. It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id*. at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E & H Prof'l Sec. Co., Inc.,* No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

     Cyberworks has not sought relief from the entry of default or otherwise attempted to participate in this litigation. Cyberworks may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against defendants, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott*, 327 F.3d at 1125; *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010). "Even after default, however, it remains for the

court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*.

Plaintiff seeks to enforce an Arbitration Award [Docket No. 15-1] from the Commercial Arbitration Tribunal in the amount of $208,881.25, which includes $185,745.00 in actual damages and $23,136.25 for attorneys' fees incurred to secure the award. Docket No. 1 at 4, ¶ 13. Plaintiff also alleges that Cyberworks owes an additional $19,036.57 in pre-judgment interest calculated as of November 3, 2009, and $10,517.00 for administrative filing and case service fees. *Id*. at ¶ 14-15. The Court has reviewed the well-pleaded allegations in plaintiff's Application [Docket No. 1] and finds that the facts alleged, accepted as true, support the confirmation of the Arbitration Award. *See* 9 U.S.C. § 9 (the Court "must grant . . . an order [confirming the award] unless the award is vacated, modified, or corrected."). Additionally, given that Cyberworks is a registered foreign corporation, it is not a minor, an incompetent person, or in military service. *See* Docket No. 15-7 at 3, ¶ 6.

Plaintiff also requests an award of attorneys' fees related to the filing of this case. *See* Docket No. 15 at 5, ¶ (v). Plaintiff, however, has not complied with Rule 54(d)(2) of the Federal Rules of Civil Procedure or D.C.COLO.LCivR 54.3. Consequently, the Court denies plaintiff's request for attorneys' fees.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Default Judgment [Docket No. 15] is **GRANTED** in part and **DENIED** in part as indicated in this Order. It is further

**ORDERED** that the Application to Confirm Arbitration Award [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that judgment shall enter in favor of plaintiff Dish Network, LLC and against defendant Cyberworks Software, Inc. pursuant to the Arbitration Award [Docket No. 15-1] in the total amount of $238,434.82, consisting of $185,745.00 in actual damages, $23,136.25 in attorneys' fees for the arbitration proceedings, $19,036.57 for pre-judgment interest calculated at the rate of eight percent (8%) per annum as of November 3, 2009, and $10,517.00 for the American Arbitration Association's administrative filing and case service fees. It is further

**ORDERED** that judgment in favor of Dish Network, LLC in the amount of $238,434.82 shall be subject to post-judgment interest at the statutory rate of eight percent (8%) per annum as codified in Colo. Rev. Stat. § 5-12-102(4)(a)-(b). It is further

**ORDERED** that Cyberworks Software, Inc. shall be permanently enjoined from using any confidential and proprietary Dish Network, LLC subscriber information, including social security numbers, obtained during Cyberworks Software, Inc.'s relationship with Dish Network, LLC. It is further

**ORDERED** that, within 14 days of the entry of judgment, plaintiff Dish Network, LLC may have its costs by filing a bill of costs with the Clerk of the Court and may file a motion for attorneys' fees that complies with D.C.COLO.LCivR 54.3.

DATED June 6, 2012.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge